**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Jorge Morales-Alfonso,  )
         Plaintiff,  )   CV 15-0200-TUC-JAS (LAB)
v.  )
  )   **REPORT AND**
Francisco Enterprises, Inc., et al.,  )   **RECOMMENDATION**
  )
         Defendants.  )
_____)

Pending before the court is the defendants' motion to dismiss pursuant to Fed.R.Civ.P 12(b)(1, 6), filed on September 22, 2015, for lack of jurisdiction or failure to state a claim upon which relief can be granted. (Doc. 11)

The plaintiff in this action, Jorge Morales-Alfonso, claims his civil rights were violated when he was constructively evicted from the Tohono O'odham Swap Meet. (Doc. 9)

In the pending motion, the defendants argue the complaint should be dismissed under the *Rooker-Feldman* doctrine because the plaintiff has a parallel action currently pending in the Judicial Court of the Tohono O'odham Nation. (Doc. 11)

The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant to the local Rules of Practice. LRCiv 72.2.

The Magistrate Judge recommends that the motion be denied. The *Rooker-Feldman* doctrine has no application here.

Background

In his amended complaint, Morales-Alfonso describes difficulties he has had conducting business at the Tohono O'odham Swap Meet. (Doc. 9) He alleges his poor treatment stems

from "racial troubles." *Id*. On May 18, 2015, Morales-Alfonso filed a complaint in this court. He filed an amended complaint on August 12, 2015 in which he claims, among other things, that the defendants' actions violated his civil rights pursuant to 42 U.S.C. 1981. (Doc. 9)

Previously, on January 15, 2015, Morales-Alfonso, filed an action in the Judical Court of the Tohono O'odham Nation. In this action, Morales-Alfonso, describes the same difficulties he has had at the Swap Meet and claims the defendants violated his "civil rights." (Doc. 11-1, p. 3) He brings this action pursuant to the Indian Civil Rights Act of 1968 and the Tohono O'odham Constitution. (Doc. 11-1, p.7)

On September 22, 2015, the defendants filed the pending motion. (Doc. 11) They believe the plaintiff has filed this case in federal court because "he is trying to escape a possible adverse ruling against him" in tribal court. (Doc. 11, p. 2) They argue this case should be dismissed under the *Rooker-Feldman* doctrine. (Doc. 11) The defendants reference both Rule 12(b)(1) and 12(b)(6). Fed.R.Civ.P. The *Rooker-Feldman* doctrine, however, concerns the court's subject matter jurisdiction, a challenge to which is brought pursuant to Fed.R.Civ.P. 12(b)(1). *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

Discussion

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction to entertain a claim. Fed.R.Civ.P. When analyzing a facial challenge to the court's jurisdiction, the court accepts as true the factual allegations contained in the complaint and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Because federal courts are courts of limited jurisdiction, the party invoking the jurisdiction of the court has the burden of proof. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*

*Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521- 1522 (2005). Only the U.S. Supreme Court has jurisdiction to review state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003). An action brought in violation of the *Rooker-Feldman* doctrine must be dismissed because the court has no jurisdiction.

This doctrine of abstention derives from a reading of two statutes, 28 U.S.C. §§ 1331, 1257. *Noel*, 341 F.3d at 1155. Section 1331 gives the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1257 states that "[f]inal judgments . . . rendered by the highest court of a State . . . may be reviewed by the Supreme Court." Together, the two statutes imply that the Supreme Court, not the district courts, has appellate jurisdiction over final judgments rendered by a State court.

In the pending motion, the defendants argue the *Rooker-Feldman* doctrine applies to judgments rendered (or about to be rendered) by a *tribal* court. They point to no cases that construe the term "highest court of a State" in § 1257 as referring to a tribal court, and the court has found none. *See also Nevada v. Hicks*, 533 U.S. 353, 385, 121 S. Ct. 2304, 2323 (2001) (Souter, J., concurring) ("[T]ribal-court judgments based on state or federal law can be neither removed nor appealed to state or federal courts."). The court further notes that § 1257(b) clearly explains that "[f]or the purposes of this section, the term 'highest court of a State' includes the District of Columbia Court of Appeals." If the Congress intended the term "highest court of a State" to apply to tribal courts, presumably it would have made that fact equally explicit. The court concludes the *Rooker-Feldman* doctrine does not apply to tribal court judgments. *See also Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 853, 105 S. Ct. 2447, 2452 (1985) ("The District Court correctly concluded that a federal court may determine under § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction."). Moreover, even if the doctrine did apply, it has no application here.

The *Rooker-Feldman* doctrine applies only in the limited circumstance that the federal court plaintiff seeks to overturn a state court judgment. *Exxon Mobil Corp.*, 544 U.S. at 291-92, 125 S.Ct. at 1526. The simple fact of parallel state and federal litigation does not trigger the

- 3 -

doctrine so as to deprive the federal courts of subject matter jurisdiction. *Exxon Mobil Corp.*, 544 U.S. at 292, 125 S. Ct. at 1526-27 ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.").

Here, there are parallel proceedings in tribal court and here in U.S. District Court. This fact does not trigger the *Rooker-Feldman* doctrine. If the tribal court reaches a judgment, that judgment may have some preclusive effect on the pending action. Preclusion, however, is not a jurisdictional matter. *Exxon Mobil Corp.*, 544 U.S. at 293, 125 S. Ct. at 1527.

The court further notes that the action pending in this court raises different causes of action than the action pending in tribal court. Preclusion analysis therefore may not be straightforward and at this point, is premature because the tribal court has not rendered a decision.

RECOMMENDATION:

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

DENYING the defendants' motion to dismiss filed on September 22, 2015. (Doc. 11)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response.

DATED this 7th day of December, 2015.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge