1    **WO**

2

3

4

5

6                          UNITED STATES DISTRICT COURT

                                 DISTRICT OF ARIZONA

7

8    Jorge Morales-Alfonso,                    )
                                               )        CV 15-0200-TUC-JAS (LAB)
9                    Plaintiff,                )
     v.                                        )
10                                             )        **Report and Recommendation**
     Julian Garcia and Tohono O'Odham Police)
11   Dept.,                                    )
                                               )
12                   Defendants.               )
     _____)

13

14

15          Pending before the court is the defendants' motion, filed on August 19, 2016, to dismiss

16   the action based on lack of service,  (Doc. 36)

            Also pending is the plaintiff's motion, filed on September 1, 2016, to strike the
17
     defendants' motion to dismiss.  (Doc. 38)
18
            The plaintiff in this action, Jorge Morales-Alfonso, claims his civil rights were violated
19
     when he was constructively evicted from the Tohono O'odham Swap Meet.  (Doc. 33)
20
            In their pending motion, the defendants move that the complaint should be dismissed
21
     pursuant to Fed.R.Civ.P. 12(b)(4) and (5) for "insufficient service of process and failure to
22
     timely serve as required by Fed.R.Civ.P. 4(m)."  (Doc. 36, p. 1)  In his pending motion, the
23
     plaintiff argues that the defendants' motion should be stricken because it was filed by an
24
     attorney that has not yet appeared as an attorney of record for the defendants in violation of
25
     LRCiv 83.3.  (Doc. 38)
26
            The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant
27
     to the Local Rules of Practice.  LRCiv 72.2.
28

1   The Magistrate Judge recommends that the plaintiff's motion be denied and the

2   defendants' motion be granted in part.

3

4   Background

5   Morales-Alfonso filed his original complaint on May 18, 2015. (Doc. 1) He claimed his

6   civil rights were violated when he was constructively evicted from the Tohono O'odham Swap

7   Meet. (Doc. 1) He named eight separate defendants, which the court separates into two groups

8   for convenience, the six Swap Meet defendants and the two Tribal defendants that still remain,

9   Julian Garcia and Tohono O'Odham Police Dept. (Doc. 1) He filed his first amended

10  complaint on August 12, 2015. (Doc. 9)

11  On September 22, 2015, a motion to dismiss was filed by the six Swap Meet defendants.

12  (Doc. 11) Morales-Alfonso filed a notice voluntarily dismissing the Swap Meet defendants on

13  February 22, 2016. (Doc. 25) Nevertheless, on April 14, 2016, the District Court formally

14  denied the motion to dismiss because it raised issues related to this court's subject matter

15  jurisdiction. (Doc. 26) Morales-Alfonso then attempted to formally remove the Swap Meet

16  defendants from his complaint.

17  His second amended complaint was filed on April 20, 2016, but it was stricken by court

18  order for failure to comply with Fed.R.Civ.P. 15. (Doc. 29) His third amended complaint was

19  filed on April 27, 2016, but it too was stricken for failure to comply with Fed.R.Civ.P. 15.

20  (Doc. 31) Morales-Alfonso filed his fourth amended complaint on May 5, 2016, which names

21  only the two remaining Tribal defendants, Julian Garcia and the Tohono O'Odham Police Dept.

22  (Doc. 33)

23  On August 4, 2016, Morales-Alfonso applied to the Clerk of the Court for entry of

24  default pursuant to Fed.R.Civ.P. 55(a). (Doc. 35) He argued that "more than thirty days have

25  elapsed since the date on which the said Defendants were served with a copy of the Complaint

26  and the Summons" and the defendants have failed to "plead, answer, or otherwise defend."

27  (Doc. 35); (Doc. 35-1) He attached to his application Exhibits 57 and 57A that purport to be

28

- 2 -

1  summonses issued by the Clerk for the two remaining defendants, Officer Julian Garcia and the

2  Tohono O'Odham Police Dept.  (Doc. 35-2, pp. 19-20)

3      The Tribal defendants subsequently filed the pending motion to dismiss pursuant to

4  Fed.R.Civ.P. 12(b)(4) and (5) asserting that service of process has never been accomplished.

5  (Doc. 36)

6      Morales-Alfonso subsequently filed a proof of service, the pending motion to strike, and

7  a response to the defendants' motion.  (Doc. 37); (Doc. 38); (Doc. 39)

8      The defendants filed a reply in support of their motion and a response to the motion to

9  strike.  (Doc. 40); (Doc. 41)

10

11      Discussion:  Motion to Strike

12      In his motion to strike, the plaintiff argues the defendants' motion to dismiss should be

13  stricken pursuant to LRCiv 83.3(a) because the defendants' counsel failed to file a notice of

14  appearance before filing the motion to dismiss.  (Doc. 38)

15      Local Rule 83.3(a) states "no attorney shall appear in any action or file anything in any

16  action without first appearing as counsel of record."  The plaintiff construes this rule as

17  requiring a separate notice of appearance before a motion can be filed.  The court declines to

18  adopt his construction.

19      "The filing of an initial pleading or motion counts as an appearance such that no separate

20  notice is required." *Stuart v. McMurdie*, No. CV-10-00044-PHX-ROS, 2010 WL 1759448, at

21  *2 (D. Ariz. 2010).  "No purpose would be served by interpreting Local Rule 83.3 as requiring

22  a separate notice of appearance when defense counsel files a motion or pleading such that all

23  parties are on notice regarding the identity of defense counsel."  *Id*.

24      The plaintiff's motion to strike the defendants' motion to dismiss should be denied.

25  (Doc. 38); *but see In re Ball*, No. CV-08-0746-PHX-GMS, 2009 WL 1457025, at *2 (D. Ariz.

26  2009)  (advancing the opposite position).

27

28

1  Discussion: Motion to Dismiss

2  "Rule 12(b)(4) enables the defendant to challenge the substance and form of the

3  summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was

4  not, attempted."  *Fristoe v. Anata Mgmt., LLC*, 2016 WL 3916330, at \*6 (E.D. Cal. 2016).

5  "When the validity of service is contested, the burden is on the plaintiff to prove that service

6  was valid under Rule 4."  *Id.*  (*citing Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).

7  "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the

8  action or retain the action and quash the service of process."  *Id.*  (*citing  Stevens v. Sec. Pac.*

9  *Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976));  *see also* Fed.R.Civ.P. 4(m)  (If service was

10 not accomplished within 90 days, the court may extend the deadline as an exercise of discretion,

11 but it must extend the deadline if good cause is shown.).

12  The defendants argue first that the plaintiff failed to obtain a properly issued summons.

13 They assert the summonses that appear as Exhibit 57 and 57A "lack the Court's seal and do not

14 appear to have been signed, sealed and issued by the United States District Court."  (Doc. 36,

15 p. 3)  (discussing Doc. 35-2, pp. 19-20)

16  The Court's "seal" however is neither a metal foil nor a wax impression.  It is a pattern

17 that is embossed or stamped into the summons paper.  It does not reproduce particularly well.

18 This perhaps explains why the Court's seal cannot be seen in the plaintiff's Exhibits.  The

19 stamped signature of the Clerk of the Court is clearly visible, however, as is the signature of the

20 deputy clerk who apparently issued the summonses.  (Doc. 35-2, pp. 19-20)

21  Ordinarily, the Clerk makes a notation in the docket when a summons is issued.  And the

22 absence of this notation apparently aroused the defendants' suspicions.  After an inquiry, it has

23 been determined that the failure of the Clerk to make this notation in the present case was a

24 simple oversight.[1]

25

26

27  [1] discussion with Clerk's Office supervisor Bonnie Williams

28  - 4 -

1    It appears that the summonses directed to the defendants were properly issued by the

2 Clerk of the Court.  But even if they were, the plaintiff still has not established that service of

3 process was valid pursuant to Rule 4.  Fed.R.Civ.P.

4    The plaintiff asserts that he obtained summonses from the Clerk and then "made a new

5 package and sent it to the Defendants by certified mail[] with return receipts requested." (Doc.

6 39, p. 4)  The plaintiff fails to state that he served the summonses *with a copy of the complaint*

7 as required by Fed.R.Civ.P.4(c)(1).  Moreover, service on an individual is not allowed by

8 certified mail. Fed.R.Civ.P. 4(e); Ariz.R.Civ.P. 4.1(d). Finally, a plaintiff cannot serve process

9 in his own cause.  Fed.R.Civ.P. 4(c)(2).  Service of process was not valid pursuant to Rule 4.

10 Fed.R.Civ.P.

11    The defendants argue that the court should now dismiss the action "based on the

12 extraordinary amount of time that has passed without Plaintiff properly serving Defendants or

13 providing a valid request for Waiver of Formal Service of Process." (Doc. 36, p. 2)  It appears,

14 however, that some of this delay was caused by the defendants themselves.

15    On September 2, 2015, the defendants' counsel wrote a letter to Morales-Alfonso

16 explaining that they were aware that an amended complaint had been filed but warning that it

17 had not yet been properly served. (Doc. 36-1, p. 3)  Counsel stated the defendants were willing

18 to waive service of process and asked the plaintiff to forward the proper form. *Id.*  Morales-

19 Alfonso asserts that he forwarded the requested documents and waited for the signed waivers

20 to be returned. (Doc. 39, p. 3)  At this time, a motion to dismiss was pending before the court,

21 and Morales-Alfonso assumed that the waivers would be returned when the motion was

22 resolved.  The motion was eventually denied, but the signed waivers were not returned.  At this

23 point, Morales-Alfonso renewed his attempts to serve process. (Doc. 39, p. 4)

24    It appears that some seven months of delay occurred while Morales-Alfonso waited in

25 vain for the defendants' counsel to return the signed waiver forms.  It is unclear why this did

26 not occur.  Defendants often waive service, particularly if they believe the complaint suffers

27 from more fundamental problems. *See* (Doc. 35-2, p. 2)  Perhaps the defendants changed their

28

1    minds, which they were within their rights to do.  However, if they did change their minds and

2    then failed to inform the plaintiff, they should not reap the benefits from the resulting delay.

3           The letter from defendants' counsel indicates that the defendants had actual notice of this

4    lawsuit in September of 2015, if not before.  The defendants do not allege that they have

5    suffered prejudice as a result of the plaintiff's failure to accomplish service of process.  The

6    parties have not discussed whether the relevant statute of limitations would preclude the

7    plaintiff from refiling his action were it to be dismissed, but it remains a possibility.

8           Because of the forgoing, the court should retain the action, quash the service of process,

9    and extend the deadline for accomplishing service as an exercise of discretion.

10          The defendants argue that the time for accomplishing service should not be extended

11   because the claims have no merit.  But they also state that they "reserve the right to fully brief

12   the sovereign immunity issue, as well as the other legal arguments asserted in the Motion to

13   Dismiss." (Doc. 40, p. 4)  Apparently, they invite the court to rule in their favor, but if it does

14   not, they "reserve the right" to brief the issues again.  The court should not allow the defendants

15   two bites at the apple.  If the defendants believe the court lacks jurisdiction over the plaintiff's

16   claims, they should raise the issue *once* in a separate motion to dismiss.

17

18         RECOMMENDATION:

19          The Magistrate Judge recommends the District Court, after its independent review of the

20   record, enter an order

21          DENYING the plaintiff's application for entry of default.  (Doc. 35)

22          DENYING the plaintiff's motion to strike the defendants' motion to dismiss  (Doc. 38)

23   and

24          GRANTING IN PART the defendants' motion to dismiss filed on August 19, 2016

25   (Doc. 36).  The court should retain the action, quash service made to date, and extend the

26   deadline for accomplishing service of process.  The court may direct the U.S. Marshal to

27   accomplish service.  Fed.R.Civ.P. 4(c)(3).

28

1    Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

2  14 days of being served with a copy of this report and recommendation.   If objections are not

3  timely filed, the party's right to de novo review may be waived.  The Local Rules permit the

4  filing of a response to an objection.  They do not permit the filing of a reply to a response absent

5  court approval.

7        DATED this 30th day of November, 2016.

_Leslie A. Bowman_

Leslie A. Bowman
United States Magistrate Judge