WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Jorge Morales-Alfonso,  )
         Plaintiff,  ) CV 15-0200-TUC-JAS (LAB)
v.  )
           ) **ORDER**
Julian Garcia; et al.,  )
         Defendants.  )
_____)

      Pending before the court is an Application for Entry of Default and supporting affidavit filed by the plaintiff on April 11, 2017. (Doc. 57)

      The plaintiff in this case, Jorge Morales-Alfonso, claims his civil rights were violated when he was evicted from the Tohono O'odham Swap Meet. (Doc. 54)

      In the pending application, Morales-Alfonso asserts he is entitled to entry of default pursuant to Rule 55(a) because the defendants have "failed to plead, answer or otherwise defend" within the 60 days allowed after they agreed to waive service of the plaintiff's fourth amended complaint. (Doc. 57)

Background

      According to Morales-Alfonso, the defendants signed a service waiver on December 16, 2016. (Doc. 58) They then had 60 days, ending on February 14, 2017, in which to file a responsive pleading to the fourth amended complaint. *Id.* On January 19, 2017, however, the court granted Morales-Alfonso's motion to file a *fifth* amended complaint, which he served on

1 the defendants[1] on January 26, 2017. (Doc. 50); (Doc. 54)  Pursuant to Fed.R.Civ.P. 15(a)(3), the defendants should have filed a responsive pleading within 14 days after service of the fifth amended complaint or within the original 60-day period, whichever was later. On March 28, 2017, approximately 60 days after the fifth amended complaint was served, the defendants filed the pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). (Doc. 55)

The plaintiff filed the pending Application for Entry of Default on April 11, 2017. (Doc. 57)  He argues default should be entered because the defendants failed to file a timely responsive pleading to his fifth amended complaint. (Doc. 57)

The defendants filed a response on April 21, 2017. (Doc. 59)  They argue their motion to dismiss is proof of their intention to defend against the plaintiff's claims. *Id.* They do not address the plaintiff's argument that their motion to dismiss was not timely filed. *Id.*

Morales-Alfonso filed a reply on May 1, 2017. He argues, among other things, that the defendants failed to plead or otherwise defend "as provided by these rules." (Doc. 61, p. 2) (citing Fed.R.Civ.P. 55(a))

Discussion

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P.  In this case, however, the defendants have *not* failed to defend against the plaintiff's claims. They have, in fact, filed a motion to dismiss. (Doc. 55)  Accordingly, entry of default is not required under the Rule. Fed.R.Civ.P. 55(a).

---

[1] The fourth amended complaint named as defendants the Tohono O'odham Police Department and Officer Julian Garcia. (Doc. 33)  The fifth amended complaint names as defendants the Police Chief Vincent E. Garcia and Officer Julian Garcia. (Doc. 54)  The court assumes for the purposes of this order that the fifth amended complaint was properly served on the defendants.

- 2 -

It appears that the motion to dismiss was not timely filed, but that does not matter under the Rule. *See* Fed.R.Civ.P. 15(a)(3). The plaintiff is not entitled to entry of default. *See, e.g.*, *Shuster v. Shuster*, 2017 WL 20254, at *2 (D.Ariz. 2017) ("[T]he clerk must enter a defendant's default only where the defendant has not yet appeared and defended."); *Hudson v. State of N.C.*, 158 F.R.D. 78 (E.D.N.C. 1994) ("Their filing [of the Rule 12 motion], however late, cured their default and thereafter entry of default would not be appropriate.").

A previous version of the Rule permitted the entry of default if the defendant failed to plead or otherwise defend "as provided by these rules." Fed.R.Civ.P. 55, Advisory Committee Notes, 2007 amendment. Arguably, under that language a late-filed motion to dismiss might not serve to prevent entry of default. That language, however, no longer appears in the Rule in its present form. Fed.R.Civ.P. 55(a). Accordingly,

IT IS ORDERED that the Application for Entry of Default, filed by the plaintiff, Jorge Morales-Alfonso, on April 11, 2017 is DENIED. (Doc. 57)

DATED this 2nd day of May, 2017.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge